IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEVIN MCCORD, #185 789, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-96-WHA |
| | ) | [WO] |
| LARRY ANGLIN, | ) | |
| | ) | |
| Defendant. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Plaintiff, a state inmate incarcerated at the Easterling Correctional Facility ["Easterling"]. Plaintiff challenges the actions of a correctional official regarding his classification status including his status as a restricted offender, his custody level, and his institutional assignment. Larry Anglin is the named defendant. Plaintiff seeks monetary damages, a reduction in his custody/classification level, transfer to a level II facility, removal of Defendant from his position, and an order prohibiting taking retaliatory action against him. Doc. #1 at 2-6. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] The court granted Plaintiff leave to proceed *in forma pauperis*. Doc. #3.  A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

**A. Equal Protection**

Plaintiff complains Defendant denied him equal protection by recommending other inmates with similar or worse convictions for lower classification and custody levels while Plaintiff's requests for such treatment have been denied. Doc. #1 at 5. This claim entitles Plaintiff to no relief.

To establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006).  "[O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977).  "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where Plaintiff challenges actions of a correctional official, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d

1307, 1310 (11th Cir. 1988). Mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Plaintiff fails to meet his pleading burden as he does not allege Defendant subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation. To the extent Plaintiff relies on the fact that some inmates other than himself have been recommended for lower classification and custody levels as the basis for this claim, the law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause. *E & T Realty*, *supra*.

Based on the foregoing, the court concludes that Plaintiff's claim of discrimination does not rise to the level of an equal protection violation. It, therefore, provides no basis for relief in this 42 U.S.C. § 1983 action and is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Due Process**

Plaintiff challenges Defendant's recommendations regarding his classification and custody levels which, Plaintiff claims, fail to recommend him for the least restrictive custody and placement for which he qualifies.[2] Doc. #1 at 4-5. This claim likewise entitles Plaintiff to no relief.

An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification and security levels because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to

---

[2] Plaintiff, who is currently serving a three-year prison term for a non-violent drug offense, is considered a restricted offender based on a prior violent conviction. Plaintiff's prison AIS number is, therefore, accompanied by the "R" suffix which is utilized by prison officials for, among other things, classification/security purposes. Doc. #1 at 5.

the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Because Plaintiff has no constitutionally protected interest in the level of his custody and security classifications, correctional officials may assign him to any classification and/or security level without implicating the protections of due process. Thus, any claim challenging the decision to classify Plaintiff as a restricted offender and/or deny him a lower classification and/or security level is due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

### C. Housing

To the extent Plaintiff seeks to challenge Defendant's failure to recommend him for a lateral transfer to a lower security institution, such claim entitles Plaintiff to no relief. Doc. #1 at 4-5. A convicted prisoner has no constitutionally protected right to confinement in a particular penal facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). An inmate may be confined in any correctional facility without implicating his constitutional rights. *Id.*; *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Although Plaintiff's confinement at a medium and/or minimum-in-based facility may entail "more burdensome conditions" than that of a minimum-out facility, such confinement is "'within the normal limits or range of custody which the conviction has authorized the State to impose.' [*Meachum*, 427 U.S. at 225]; *see also Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin*, 515 U.S. at 478. Because Plaintiff's claims regarding his housing placement fails to state a constitutional violation, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

### D. Administrative Procedures

Plaintiff complains Defendant provided erroneous instructions regarding the procedure for removing the "R" suffix and failed to submit an appeal form Plaintiff prepared for the Central Review Board regarding his request for a lateral transfer. Doc. #1 at 5. An essential element of a

4

42 U.S.C. § 1983 action is that the conduct complained of deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). Here, the shortcomings Plaintiff attributes to Defendant implicate no constitutional right to which he is entitled. *See Sandin*, 515 U.S. 472; *see generally Smith v. State of Georgia*, 684 F.2d 729 (11th Cir. 1982) (not every deviation from an agency's rules is violative of the Constitution). This claim is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is further

ORDERED that **on or before June 9, 2016**, the parties may file objections. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 23rd day of May 2016.

                         /s/Terry F. Moorer
                         TERRY F. MOORER
                         UNITED STATES MAGISTRATE JUDGE